UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

MAX HEILMEIER,

               Plaintiff,

      v.

GRUBHUB INC., KATRINA LAKE,
MATTHEW MALONEY, BRIAN
MCANDREWS, DAVID FISHER, DAVID
HABIGER, LINDA JOHNSON RICE,
LLOYD FRINK, GIRISH LAKSHMAN, and
KEITH RICHMAN,

               Defendants.

---------------------------------------------------------

Case No.

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Max Heilmeier ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE AND SUMMARY OF THE ACTION

1.    Plaintiff brings this action against Grubhub Inc. ("Grubhub" or the "Company") and the members of Grubhub's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to merge the Company with Just Eat Takeaway.com N.V. ("Just Eat Takeaway.com") through Checkers Merger Sub I, Inc. ("Merger Sub I") and Checkers Merger Sub II, Inc. ("Merger Sub II") (the "Proposed Transaction").

2.      On June 10, 2020, Grubhub announced that it had entered into an Agreement and Plan of Merger with Just Eat Takeaway.com (as amended, the "Merger Agreement") pursuant to which Grubhub shareholders will receive newly issued American depositary shares ("ADS") of Just Eat Takeaway.com common stock, representing 0.6710 shares of the share capital of Just Eat Takeaway.com, for each Grubhub common share that they own (the "Merger Consideration").

3.      On May 12, 2021, Grubhub filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC.  The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding: (i) the financial projections for Grubhub and Just Eat Takeaway.com, as well as the financial analyses performed by the Company's financial advisor, Evercore Group L.L.C. ("Evercore"); and (ii) potential conflicts of interest faced by the Company's additional financial advisor, Centerview Partners LLC ("Centerview").   Without additional information, the Proxy is materially misleading in violation of the federal securities laws.

4.      The stockholder vote to approve the Proposed Transaction is forthcoming.  Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Moreover, Grubhub's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Grubhub.

9.      Defendant Grubhub is a Delaware corporation, with its principal executive offices located at 111 W. Washington Street, Suite 2100, Chicago, Illinois 60602.  Grubhub's shares trade on the New York Stock Exchange under the ticker symbol "GRUB."

10.      Defendant Katrina Lake has served as a director of the Company since December 2015.

11.      Defendant Matthew Maloney has served as Chief Executive Officer ("CEO") and a director of the Company since 2013.

12.      Defendant Brian McAndrews has served as Chairman of the Board and a director of the Company since 2013.

13.      Defendant David Fisher has served as a director of the Company since 2013.

14.   Defendant David Habiger has served as a director of the Company since 2016.

15.   Defendant Linda Johnson Rice has served as a director of the Company since 2016.

16.   Defendant Lloyd Frink has served as a director of the Company since 2013.

17.   Defendant Girish Lakshman has served as a director of the Company since 2015.

18.   Defendant Keith Richman has served as a director of the Company since 2016.

19.   Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

20.   Relevant non-party Just Eat Takeaway.com is the parent company of the Just Eat Takeaway.com Group ("Just Eat Group"), a leading global online food delivery marketplace outside of China in terms of GMV, connecting millions of consumers in the United Kingdom, Germany, Canada, the Netherlands and the Rest of the World, composed of Australia, Austria, Belgium, Bulgaria, Denmark, France, Ireland, Israel, Italy, Luxembourg, New Zealand, Norway, Poland, Portugal, Romania, Spain and Switzerland, with approximately 244,000 local restaurants listed on its platforms as of December 31, 2020.  Just Eat Takeaway.com's shares trade on the London Stock Exchange under the ticker symbol "JET" and on Euronext Amsterdam under the trading symbol "TKWY."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

21.   Grubhub, together with its subsidiaries, provides an online and mobile platform for restaurant pick-up and delivery orders in the United States.  The Company connects approximately 300,000 local restaurants with diners in various cities.  It offers mobile applications and mobile Websites; and operates Websites through grubhub.com, seamless.com, and menupages.com.  The Company also provides a corporate program that offers employees with various food and ordering

options, including options for individual meals, group ordering, and catering, as well as proprietary tools that consolidate various food ordering into a single online account.  In addition, it offers Grubhub for Restaurants, a responsive web application that can be accessed from computers and mobile devices, as well as Grubhub-provided tablets; GH+ subscription program to diners; delivery services to restaurants; point of sale ("POS") integration, which allows restaurants to manage Grubhub orders and update their menus directly from their existing POS system; and Website and mobile application design and hosting services for restaurants, as well as technology and fulfillment services, including order transmission and customer relationship management tools.

22.     On June 10, 2020, Grubhub and Just Eat Takeaway.com issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

> Just Eat Takeaway.com N.V. (AMS: TKWY, LSE: JET), (the "Company" or "Just Eat Takeaway.com"), and Grubhub Inc. (NYSE: GRUB) ("Grubhub") have entered into a definitive agreement whereby the Company is to acquire 100% of the shares of Grubhub in an all-stock transaction (the "Transaction") to create the world's largest online food delivery company outside of China, measured by Gross Merchandise Value ("GMV") and revenues.

> The Transaction represents Just Eat Takeaway.com's entry into online food delivery in the United States ("U.S.") and builds on the strategic rationale for its recent merger with Just Eat plc ("Just Eat").  A combined Just Eat Takeaway.com and Grubhub (the "Combined Group") will become the world's largest online food delivery company outside of China1, with strong brands connecting restaurant partners with their customers in 25 countries.  The Combined Group will be built around four of the world's largest profit pools in online food delivery: the U.S., the United Kingdom ("U.K."), the Netherlands and Germany, increasing the Combined Group's ability to deploy capital and resources to strengthen its competitive positions in all its markets.  The Combined Group has strong leadership positions in almost all countries in which it is present and will become a significant player in North America. Just Eat Takeaway.com owns the leading Canadian business SkipTheDishes.  The Combined Group is one of the few profitable players in the space and processed approximately 593 million orders in 2019 with more than 70 million combined active customers globally.

**Key Terms**

- Under the terms of the Transaction, Grubhub shareholders will be entitled to receive American depositary receipts ("ADRs") representing 0.6710 Just Eat Takeaway.com ordinary shares in exchange for each Grubhub share, representing an implied value of $75.15 for each Grubhub share (based on the undisturbed closing price of Just Eat Takeaway.com on 9 June 2020 of €98.602) and implying a total equity consideration (on a fully diluted basis) of $7.3 billion.
- Immediately following completion of the Transaction, Grubhub shareholders are expected to own ADRs representing approximately 30.0% of the Combined Group (on a fully diluted basis).
- On completion, Matt Maloney, CEO and founder of Grubhub, will join the Just Eat Takeaway.com Management Board and will lead the Combined Group's businesses across North America and two current Grubhub Directors will join the Just Eat Takeaway.com Supervisory Board.
- The Transaction is subject to the approval of both Just Eat Takeaway.com's and Grubhub's shareholders, as well as other customary completion conditions.  Subject to satisfaction of the conditions, completion of the Transaction is anticipated to occur in the first quarter of 2021.
- The Combined Group will be headquartered and domiciled in Amsterdam, the Netherlands, with its North American headquarters in Chicago and a significant presence in the U.K..
- Just Eat Takeaway.com is listed on Euronext Amsterdam and the Main Market of the London Stock Exchange and will introduce an ADR listing in the U.S..

Both the Managing Board and the Supervisory Board of Just Eat Takeaway.com and the Board of Directors of Grubhub are recommending the Transaction to their respective shareholders.  Jitse Groen, CEO and founder of Just Eat Takeaway.com, has entered into a voting and support agreement, and subject to and in accordance with the terms thereof, has committed to vote in favour of the Transaction at the Just Eat Takeaway.com extraordinary general meeting ("EGM").

Jitse Groen, CEO and founder of Just Eat Takeaway.com, said: "Matt and I are the two remaining food delivery veterans in the sector, having started our respective businesses at the turn of the century, albeit on two different continents.  Both of us have a firm belief that only businesses with high-quality and profitable growth will sustain in our sector.  I am excited that we can create the world's largest food delivery business outside China.  We look forward to welcoming Matt and his team to our company and working with them in the future."

Matt Maloney, CEO and founder of Grubhub, commented: "When Grubhub and Seamless were founded, the online takeout industry didn't exist in the U.S..  My vision was to transform the delivery and pick-up ordering experience. Like so many other entrepreneurs, we started modestly – restaurant by restaurant in our Chicago

neighbourhood. Today, Grubhub is a leader across North America.  I've known Jitse since 2007 and his story is much like mine.  Combining the companies that started it all will mean that two trailblazing start-ups have become a clear global leader.  We share a focus on a hybrid model that places extra value on volume at independent restaurants, driving profitable growth.  Supported by Just Eat Takeaway.com, we intend to accelerate our mission to be the fastest, best and most rewarding way to order food from your favourite local restaurants in North America and around the world.  We could not be more excited."

**The Proxy Contains Material Misstatements or Omissions**

23.     On May 12, 2021, Grubhub filed the materially misleading and incomplete Proxy with the SEC.  Designed to convince Grubhub's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning: (i) the financial projections for Grubhub and Just Eat Takeaway.com, as well as the financial analyses performed by the Company's financial advisor, Evercore; and (ii) potential conflicts of interest faced by the Company's additional financial advisor, Centerview.

***Material Omissions Concerning the Financial Projections for Grubhub and Just Eat Takeaway.com and Evercore's Financial Analyses***

24.     The Proxy omits material information regarding the financial projections for Grubhub and Just Eat Takeaway.com.

25.     For example, the Proxy fails to disclose the Company's unlevered free cash flows utilized by Evercore in its *Discounted Cash Flow Analysis* and the line items underlying the Company's unlevered free cash flows and levered free cash flows.

26.     Additionally, the Proxy fails to disclose Grubhub management's preliminary financial projections, reviewed with the Board at its February 12, 2020 Board meeting, or a summary of the changes made to the projections between February 12, 2020 and April 22, 2020, when the Board reviewed Grubhub management's financial projections prepared in connection with the Proposed Transaction.

27.     The Proxy also fails to disclose all line items underlying Just Eat Takeaway.com's unlevered free cash flows.

28.     The Proxy also omits material information regarding Evercore's financial analyses.

29.     The Proxy describes Evercore's fairness opinion and the various valuation analyses it performed in support of its opinion.  However, the description of Evercore's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Grubhub's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Evercore's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

30.     With respect to Evercore's *Discounted Cash Flow Analysis* of Grubhub, the Proxy fails to disclose: (i) the estimated terminal year adjusted EBITDA; (ii) the terminal values for the Company; (iii) the individual inputs and assumptions underlying the discount rate range of 9.0% to 11.0%; (iv) the tax savings of Grubhub attributed to unused tax losses; (v) Grubhub's net debt; and (vi) Grubhub's fully diluted outstanding shares.

31.     With respect to Evercore's *Discounted Cash Flow Analysis* of Just Eat Takeaway.com, the Proxy fails to disclose: (i) the estimated terminal year adjusted EBITDA; (ii) the terminal values for Just Eat Takeaway.com; (iii) the individual inputs and assumptions underlying the discount rate range of 9.0% to 11.0%; (iv) the tax savings of Just Eat Takeaway.com attributed to unused tax losses; (v) Just Eat Takeaway.com's net debt; and (vi) Just Eat Takeaway.com's fully diluted outstanding shares.

32.     With respect to Evercore's *Equity Research Analyst Price Targets* analyses for Grubhub and Just Eat Takeaway.com, the Proxy fails to disclose the price targets observed and the sources thereof.

33.     The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Certain Unaudited Prospective Financial Information Prepared by Grubhub" and "Opinion of Grubhub's Financial Advisor."

***Material Omissions Concerning Centerview's Potential Conflicts of Interest***

34.     The Proxy is materially deficient because it fails to disclose material information relating to Centerview's potential conflicts of interest.

35.     For example, the Proxy fails to disclose: (i) the amount of compensation Centerview has received or will receive in connection with its engagement; (ii) the amount of Centerview's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) the details of any past services Centerview has performed for any parties to the Merger Agreement or their affiliates, including the timing and nature of such services as well as the amount of compensation received by Centerview for providing such services; and (iv) the scope of Centerview's engagement.

36.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

37.     The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Background of the Merger."

38.     Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

39.     Plaintiff repeats all previous allegations as if set forth in full.

40.     During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

41.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy.  The Proxy was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company's and Just Eat Takeaway.com's financial projections, Evercore's financial analyses, and potential conflicts of interest faced by Centerview. The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

42.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

43.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

44.     Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations
### of Section 20(a) of the Exchange Act

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     The Individual Defendants acted as controlling persons of Grubhub within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Grubhub, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy.

49.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed

Transaction.  The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Grubhub stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Grubhub, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for

Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  May 25, 2021                                  **WEISSLAW LLP**


                                                     By _____
                                                        Richard A. Acocelli
**OF COUNSEL:**                                         1500 Broadway, 16th Floor
                                                        New York, New York 10036
                                                        Tel: (212) 682-3025
**BRAGAR EAGEL & SQUIRE, P.C.**                         Fax: (212) 682-3010
Melissa A. Fortunato                                    Email: racocelli@weisslawllp.com
580 California Street, Suite 1200
San Francisco, CA 94104                                 *Attorneys for Plaintiff*
Tel: (415) 568-2124
Fax: (212) 486-0462
Email: fortunato@bespc.com

*Attorneys for Plaintiff*